The document below is hereby signed.

Signed: December 22, 2019



```
                    /s/ S. Martin Teel, Jr.
```
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KATHRYN TOGGAS, | ) | Case No. 19-00598 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR STAY PENDING APPEAL

The debtor has filed a *Motion for Stay Pending Appeal* (Dkt. No. 26) ("*Motion*") of the court's *Order Amending Order Dismissing Case, Granting in Part "Motion to Vacate Dismissal Order, for Relief from Codebtor Stay, and for Imposition of an Equitable Servitude for Two Years," and Imposing an Equitable Servitude on Real Property Located at 3112 Legation St., NW, Washington, DC 20015* (Dkt. No. 23) ("*Amended Order Dismissing Case*"). The *Amended Order Dismissing Case* granted in part the *Motion to Vacate Dismissal Order, for Relief from the Codebtor Stay, and for Imposition an Equitable Servitude for Two Years* (Dkt. No. 16) ("*Motion to Vacate Dismissal*") filed by U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"). On November 27, 2019, U.S. Bank filed an

opposition (Dkt. No. 29) to the debtor's *Motion*. For the reasons set forth in U.S. Bank's opposition and for the reason below, the court will deny the debtor's *Motion*.

I

A party seeking a stay pending appeal must show (1) the likelihood that it will succeed on the merits of its appeal; (2) the likelihood it will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if a stay is granted; and (4) that granting the stay is in the public interest. *In re Hardy*, 561 B.R. 281, 283 (D.D.C. 2016). The debtor's motion fails to satisfy all four of these requirements.

*No Likelihood of Success on Appeal*. The debtor has no likelihood of succeeding on appeal. First, the debtor has not paid the fees for pursuing the appeal, and has not filed a motion in this court to waive the filing fee (a motion that I would deny). That necessarily would require dismissal of the appeal.

Second, the debtor's *Motion* contends that the *Motion to Vacate Dismissal* was improperly granted because U.S. Bank's grounds for vacating the dismissal order did not fall within the stated grounds for relief enumerated in Fed. R. Civ. P. 60(b)(1)-(5) (made applicable in this court by Fed. R. Bankr. P. 9024) and because U.S. Bank, who was not a party to the underlying order dismissing the case, did not have standing to seek relief. However, the *Motion to Vacate Dismissal* only sought to vacate the

dismissal order pursuant to Rule 60(b), and the court's *Amended Order Dismissing Case* denied that request.  Instead, the court granted the requested equitable servitude without vacating the dismissal order; even though the bankruptcy case had been dismissed, the court retained authority to enter orders addressing the debtor's abusive conduct.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990) (district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)).  Accordingly, Toggas does not have a likelihood of succeeding with respect to this argument: it is moot as to U.S. Bank's request for relief under Rule 60(b), and the court acted within its authority to address the debtor's conduct by imposing the equitable servitude.[1]

*No Irreparable Harm to the Debtor.*  The debtor asserts that she will be likely to suffer irreparable harm because of the imposition of the equitable servitude.  However, the debtor's multiple recent bankruptcy cases have been dismissed, which is evidence that the debtor has no ability to successfully utilize the reorganization provisions of the Bankruptcy Code.  In that light, the equitable servitude does not cause her any harm

---

[1] The debtor's motion also objects to the court's *Amended Order* insofar as it granted U.S. Bank's request that the codebtor stay of § 1301 be lifted, but because the court denied U.S. Bank's motion to vacate the dismissal order, the codebtor stay is no longer in place not as a function of the court's granting the creditor's motion, but as a consequence of the dismissal order.

because she would not be able to achieve a reorganization even if the equitable servitude were not in place.

*Harm to U.S. Bank and Other Parties.* As U.S. Bank's *Motion to Vacate Dismissal* noted (Dkt. No. 16 at 5-6), the debtor has filed numerous bankruptcy petitions in recent years, often immediately preceding the date for which a foreclosure sale was scheduled. The debtor has thus been engaging in a blatant form of "tag bankruptcy." The harm that could befall the creditor if no equitable servitude were in place is obvious: if the debtor were to file a new petition, and codebtor stay would arise as to her husband and prevent U.S. Bank from exercising its rights with respect to the property.[2] This possibility poses an immediate harm to U.S. Bank in light of the debtor's filing history. This factor therefore weighs against staying the *Amended Order Dismissing Case* pending appeal.

*The Public Interest.* The debtor has made no showing that the public interest weighs in favor of a stay pending appeal, and, at best, the public interest would be neutral as to the competing private rights of the debtor and U.S. Bank as to the future and disposition of the Property. Moreover, as U.S. Bank notes in its opposition, there is reason to say that the public

---

[2] The provisions of 11 U.S.C. § 362(c)(4) would for some time prevent a new case filed by the debtor from giving rise to an automatic stay under 11 U.S.C. § 362(a) upon the filing of the petition. However, § 362(c)(4) would not prevent the petition from giving rise to the co-debtor stay under 11 U.S.C. § 1301.

4

interest weighs in favor of denying the debtor's motion; as this court noted in *In re Allen*, 300 B.R. 127, 132 (Bankr. D.D.C. 2003), "there is a public interest in not allowing abusive bankruptcy filings such as this to delay [a] mortgagee's foreclosure efforts"(internal numbering omitted). Accordingly, the public interest does not weigh in favor of granting a stay pending appeal.

III

For the foregoing reasons, it is

ORDERED that the debtor's *Motion for Stay Pending Appeal* (Dkt. No. 26) is DENIED. It is further

ORDERED that the clerk shall transmit a copy of this *Memorandum Decision and Order* to the clerk of the district court so that the district court is aware of the debtor's failure to comply with Rule 8003(a)(3)(C), which requires that a notice of appeal be accompanied by the prescribed fee.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders.